# MARGARET MORROW v. HARRIET A. TOURTELLOTTE.[1]

### December 29, 1916.

### Nos. 19,986—(135).

**Broker's commission — amount of verdict — evidence supports it.**

The verdict is sustained by the evidence and does not indicate that the jury were influenced by passion or prejudice.

Action in the district court for Hennepin county to recover $3,500 for services in procuring a person able and willing to lease certain real estate belonging to defendant upon specified terms. The answer alleged that the property in question belonged to the estate of Jacob F. Tourtellotte, deceased, and that defendant and the Minneapolis Trust Company were coexecutors of the last will of decedent, all of which was known to plaintiff. The case was tried before Jelley, J., and a jury which returned a verdict for $3,700. Defendant's motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $3,648.75, to which plaintiff agreed. From the order denying her motion for a new trial, defendant appealed. Affirmed.

*Lancaster, Simpson & Purdy* and *James E. Dorsey,* for appellant.

*E. J. Grover* and *J. A. Sweeney,* for respondent.

TAYLOR, C.

Plaintiff brought suit to recover $3,500 as her commission for procuring a purchaser ready, able and willing to take a lease for 100 years of certain business property on Nicollet avenue in the city of Minneapolis, and pay therefor, in addition to taxes and insurance, the sum of $8,500 per year for the first ten years and the sum of $7,500 per year for the remainder of the term. She had a verdict and defendant appealed from an order denying a new trial.

Only two questions are presented: Whether the evidence sustains the

[1]Reported in 160 N. W. 665.

verdict, and whether the verdict shows that the jury were actuated by passion and prejudice.

1. There is little, if any, dispute that plaintiff procured a purchaser ready, able and willing to take the lease upon the terms fixed by defendant, and that when she produced him defendant refused to consummate the deal. The main controversy at the trial was whether defendant had employed plaintiff to procure such purchaser. Plaintiff testified clearly and positively that defendant gave her the exclusive right, for a period of 15 days, to find a purchaser, and expressly agreed to pay her the regular commission fixed by the Minneapolis real estate board in case she succeeded. Her testimony is corroborated in part by two other witnesses. The proposed purchaser was produced within the 15 days. Defendant admitted giving plaintiff authority to sell another piece of property in Minneapolis, but positively denied making any arrangement with her concerning the property in question. Defendant's testimony is corroborated in part by another witness. This conflicting evidence plainly made an issue for the jury to determine, and we find nothing which will warrant this court in setting aside their verdict after it has been approved by the trial court.

2. In her complaint plaintiff demanded judgment for the sum of $3,500 and interest from August 20, 1915. The jury returned a verdict for $3,700 which was $51.25 more than the sum demanded with interest added. The trial court denied the motion for a new trial, on condition that plaintiff remit such excess, and plaintiff complied with this condition.

Defendant insists that the fact that the jury returned a verdict for the sum of $3,700 when only $3,500 and interest were demanded shows that they were influenced by passion and prejudice. It does not appear that the jury knew the amount demanded in the complaint. Under the rules of the real estate board, the commission is based upon the value of the property. Plaintiff fixed this value at $175,000 and the commission at two per cent of this value. Another real estate agent testified that in such cases the value was fixed by assuming that the yearly rental at the time was five per cent thereof; that, as the yearly rental in this case was $8,500, the value would be $170,000, and that the commission would be $2\frac{1}{2}$ per cent of that amount. Defendant fixed the value considerably

lower, but her testimony was rather indefinite upon this point. In submitting this phase of the case to the jury the court said:

"There seems to be a discrepancy in the evidence as to the value of the property, ranging from 140,000 to 170,000 dollars, as I have it upon my minutes, and there is some dispute as to the commission being either 2 or 2½ per cent of that amount, and that will be for you to determine if you arrive at that point. You can take that into consideration as to what she should be allowed, if anything."

Considering the diversity in the statements of the witnesses and the manner in which the case was submitted, we find nothing to indicate that the jury were swayed by passion or prejudice in fixing the amount at $3,700, although plaintiff claimed only $3,500 and interest.

Order affirmed.